UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.: 5:11-CV-0508 EJD |
| Plaintiff, | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| UYEN DANG, | **[Re: Docket Item No. 20]** |
| Defendant. | |

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") moves for entry of default judgment in the amount of $111,100.00 against Defendant Uyen Dang, individually and d/b/a/ Chot Nho Café ("Defendant"). Plaintiff seeks damages stemming from Defendant's alleged violation of 47 U.S.C. § 605(a) and conversion of Plaintiff's property. The Court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on September 23, 2011. For the reasons discussed below, the motion is GRANTED.

**I. BACKGROUND**

**A. Procedural history**

Plaintiff filed the instant action on February 2, 2011. After Defendant was served with process and failed to respond, Plaintiff moved for entry of default and served the motion by mail. See ECF No. 9. The clerk entered default on May 4, 2011. Plaintiff moved for default judgment on June 8, 2011, and has provided proof of service indicating that a copy of the notice and application

1

Case No.: 5:11-CV-0508 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

for default judgment were mailed to Defendant. See ECF No. 12. Defendant did not appear at the hearing.

**B. Factual history**

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast a February 6, 2010 championship fight between Randy Couture and Mark Coleman, together with undercard bouts, televised replay, and color commentary (collectively, the "Program"). It then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Gary Gravelyn ("Gravelyn"), an investigator hired by Plaintiff, observed an exhibition of the Program in Chot Nho Café. Defendant was not a sublicensee entitled to exhibit the Program. Gravelyn entered the premises without paying a cover charge and observed the Program on twelve televisions. Decl. of Affiant at 2. Between 8:25 p.m. and 8:30 p.m., he performed three headcounts, noting the presence of thirty-five, thirty-seven, and thirty-nine people by each respective count. Id. at 2-3. The declaration indicates the capacity of Chot Nho Café as seventy-five and that Gravelyn observed a satellite dish and did not observe a cable box. Id. at 2.

## II. DISCUSSION

The Federal Communications Act of 1934, 47 U.S.C. § 605 et seq. prohibits commercial establishments from intercepting and broadcasting satellite cable programming without a license. It provides a private right of action in federal court. Plaintiffs may request that courts award actual or statutory damages between $1,000 and $10,000 for each violation of section 605. 47 U.S.C. § 605(e)(3)(C)(i). Damages of up to $100,000 may be awarded for willful violations. 47 U.S.C. § 605(e)(3)(C)(ii).

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1 (1944); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has

2
Case No.: 5:11-CV-0508 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

'(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.' " California Satellite Systems v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing National Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981)).

Plaintiff alleges in its complaint that it transmitted the Program, that Defendant unlawfully intercepted the Program, and that Defendant exhibited the Program. Compl. ¶¶ 9-13. Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,100 in damages for conversion.

**A. Statutory damages pursuant to 47 U.S.C. § 605(e)(3)**

Under 47 U.S.C. § 605(e)(3) the Court may award statutory damages between $1,000 and $10,000 for a violation of the Act. Plaintiff contends that the maximum award against Defendant is necessary to deter future violations. Plaintiff has presented evidence of the capacity of the establishment as seventy-five, which served thirty-five, thirty-seven, and thirty-nine persons during Gravelyn's headcounts, and the Program was shown on twelve televisions. These factors suggest that maximum damages are not warranted. The Court finds that an award of $7,000 is sufficient under the circumstances.

**B. Enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii)**

47 U.S.C. § 605(e)(3)(C)(ii) provides for an enhanced damage award of up to $100,000 when "a violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. 605(e)(3)(C)(ii). Plaintiff alleges that Defendants' interception of the program was willful and for purposes of commercial advantage or private gain. Compl. ¶ 13.

Plaintiff has brought to the attention of the court a 2010 case, 5:10-5723 EJD, which alleged Defendant unlawfully broadcast another program on December 19, 2009. That case was filed after the events at issue in this action.  The presence of the 2010 case therefore is not particularly probative of Defendant's wilfulness during the events at issue here.  The 2010 case, however, ended in a default judgment against Defendant, indicating that the event in this case was not the first time Defendant unlawfully broadcast a program at Chot Nho Café.

There was no cover charge, the establishment was not filled to capacity, and the record is unclear whether Defendant made a profit. In light of Defendant's status as a repeat violator, however, the Court concludes that an enhanced damages award of $1,000 is appropriate.

**C. Costs and Fees pursuant to 47 U.S .C. § 605(e)(3)(b)(iii)**

Costs and reasonable attorney's fees are recoverable under 47 U.S .C. § 605(e)(3)(b)(iii). Plaintiff's counsel seeks recovery of fees and costs, but did not attach an affidavit of attorney's fees and costs to the motion for default judgment. See Notice of Application ¶ 6, ECF No. 12. Accordingly, Plaintiff's counsel shall submit a curriculum vitae or resume, billing and cost records, and other documents supporting his request for reasonable attorney's fees and costs by January 20, 2012.

**B. Damages for conversion**

As a result of Defendant's default, the facts alleged in the pleadings are sufficient to establish that Defendant wrongfully denied Plaintiff ownership of the right to control the exhibition the Program and therefore are sufficient to establish that Defendant is liable for the tort of conversion. See Culp v. Signal Van & Storage, 142 Cal. App. 2d Supp. 859, 862 (App. Div. 1956). Pursuant to Cal. Civ. Code § 3336, Defendant is liable for the value of the property at the time of the conversion. Accordingly, Plaintiff is entitled to recover the sublicensing fee of $1,100.

### III. CONCLUSION

Plaintiff's motion is granted. Plaintiff shall recover $7,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3), $1,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), costs and attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(b)(iii), and $1,100 pursuant to Cal. Civ. Code § 3336. Plaintiff's counsel shall submit documents supporting his request for reasonable attorney's fees and costs by January 20, 2012.

IT IS SO ORDERED.

Dated:  Fgego dgt"36."4233

EDWARD J. DAVILA
United States District Judge